IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE LITTLE TIKES COMPANY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 08 CV 1935 |
| | ) Hon. Joan B. Gottschall |
| KID STATION TOYS LTD. et al., | ) |
| Defendants. | ) |

**KIDS STATION'S MOTION TO STRIKE PORTIONS OF THE
DECLARATION OF DAVID OAKES**

Defendant Kids Station Toys Ltd. ("Kids Station") hereby moves this Court for entry of an Order striking portions of the April 8, 2008 Declaration of David Oakes because they are not based upon personal knowledge, and therefore should not be considered by this Court. In support of this Motion, Kids Station states as follows:

1. On April 9, 2008, The Little Tikes Company ("Little Tikes") filed a Motion for Temporary Restraining Order (the "TRO Motion") and a supporting brief. Little Tikes attaches as Exhibit 1 to its supporting brief the Declaration of David Oakes, in-house counsel for both MGA Entertainment, Inc. and Little Tikes in Los Angeles, California.

2. Mr. Oakes, a lawyer rather than a businessperson, purports to offer testimony regarding matters predating MGA's acquisition of Little Tikes in or around November 2006, at which time Mr. Oakes expressly states his involvement with Little Tikes began. (Oakes' Decl. ¶ 1) He also concedes that portions of his Declaration are not based upon personal knowledge, but instead on unspecified "information from others" who remain nameless and a review of "files" that are never identified. (Oakes' Decl. ¶ 1) This sort of "selective recall" may explain why various statements in the Oakes Declaration are inaccurate and inconsistent with Little Tikes'

own records.  (*Compare* Oakes' Decl. ¶¶ 18, 19 (stating that "it was and has always been Little Tikes' understanding that the party named to the Agreement was Kid Station (Florida)" and that "correspondence received by Little Tikes only identified a Florida address," *with* Cabrera Decl. ¶ Exs. 3 and 4) (showing approval forms *from MGA/Little Tikes* for Little Tikes-branded products with "Kids Station" listed as the licensee and showing a Hong Kong address, as well as the e-mail addresses of employees in Hong Kong who regularly dealt with MGA/Little Tikes)

3. It is clear that not all of Mr. Oakes' purported testimony is based upon personal knowledge.  Such testimony should be stricken by this Court.

4. Under the applicable Federal Rules of Civil Procedure and relevant case law, declarations made under penalty of perjury are subject to the same requirements as affidavits submitted under Federal Rule of Civil Procedure 56(e).  *See O'Conner v. DePaul Univ.*, No. 93 C 7687, 1994 WL 274971, at *8 (N.D. Ill. June 17, 1994).  Rule 56 requires that affidavits "shall be made on personal knowledge, [and] shall set forth such facts as would be admissible in evidence."  Fed. R. Civ. P. 56(e).  "Rule 56(e)'s personal knowledge requirement prevents statements in affidavits that are based, in part, 'upon information and belief' -- instead of only knowledge -- from raising genuine issues of fact . . . ."  *Pace v. Capobianco*, 283 F.3d 1275, 1278 (11th Cir. 2002).

5. The Declaration of David Oakes states that he has served as in-house counsel for MGA for approximately 4 ¾ years and that he did not have any involvement with Little Tikes until after MGA's acquisition of Little Tikes in November 2006, at which point he became Little Tikes' in-house counsel as well.  (Oakes Decl. ¶ 1)

6. Mr. Oakes purports to offer testimony regarding events predating his position as in-house counsel of MGA and predating the acquisition of Little Tikes by MGA in or around

1

November 2006. He further never identifies where the information came from. Specifically, Mr. Oakes purports to offer testimony relating to the execution of the License Agreement between Kids Station and Little Tikes in December 2003 (Oakes Decl. ¶¶ 5, 6, 8, 18, 19), the Amendment to the License Agreement executed in January 2006 (*id.* ¶ 6), and other facts alleged to relate to this case and the time period prior to MGA's acquisition of Little Tikes. (*Id.* ¶ 8, 18, 19)

7. On the face of Mr. Oakes' Declaration, it is apparent that he has no personal knowledge regarding any of these matters, and therefore his proffered Declaration is improper and inadmissible. *See Box v. A&P Tea Co.*, 772 F.2d 1372, 1378 (7th Cir. 1985 (affidavit must affirmatively show personal knowledge).

8. The holding of *H-D Michigan, Inc. v. Top Quality, Inc.*, No. 04 C 0533, 2006 WL 2547079, at *1 (E.D. Wis. Aug. 31, 2006), is particularly on point. There, the district court rejected a declaration, like the one submitted by Oakes, that was allegedly based on not just personal knowledge, but also a review of unidentified records and statements from others. *Id.* at *2 (stating that "assertions in an affidavit based upon the statements of others, even if made 'in the normal course of [the others'] and [the declarant's] duties and responsibilities are inadmissible"). This Court should reach the same result here. It is also particularly enlightening that even after months of litigation, MGA is unable to locate a single Little Tikes employee from prior to the acquisition who will support its version of the facts.

WHEREFORE, Defendant Kids Station Toys Ltd. respectfully requests that this Court strike Paragraphs 5, 6, 8, 18, and 19 of the Declaration of David Oakes because those portions of the Declaration are not based upon his personal knowledge and are not admissible evidence under the Federal Rules.

Dated: April 15, 2008   Respectfully submitted,

/s/ Paul J. Ferak
Paul T. Fox
Charles B. Leuin
Paul J. Ferak
Jason B. Elster
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 2500
Chicago, Illinois 60601
Tel: (312) 456-8400
Fax: (312) 456-8435

Attorneys for Kids Station Toys Ltd.

3