THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THE LITTLE TIKES COMPANY, | ) | |
| | ) | Case No. 1:08-cv-1935 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KID STATION TOYS, LTD., et al. | ) | |
| | ) | Hon. Joan B. Gottschall |
| Defendants. | ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
TO STRIKE PORTIONS OF THE DECLARATION OF DAVID OAKES**

Plaintiff The Little Tikes Company ("Little Tikes"), by its undersigned attorneys, for its Opposition to Defendants' Motion to Strike Portions of the Declaration of David Oakes states as follows:

**I.    INTRODUCTION**

Defendants urge the Court to strike the portions of the Declaration of David Oakes (the "Oakes Declaration"), asserting that certain portions of the Declaration are not based on personal knowledge, and are accordingly inadmissible as evidence. Interestingly, Defendants only argue against the veracity of some of the complained-of statements. Defendants only argue against the admissibility of the remainders. Regardless, Defendants' Motion to Strike is entirely without merit and must be denied.

Contrary to Defendants' assertions, each of the statements set forth in the challenged paragraphs are indeed based on the personal knowledge of Mr. Oakes and should be accepted by this Court. For the reasons that follow, the Motion to Strike the Oakes Declaration should be denied.

II.  **ARGUMENT**

As a preliminary matter, it should be noted that Federal Rule of Civil Procedure 56, including Rule 56(e), relates to motions for summary judgment. Indeed, the case law cited by Defendants confirms this. Paragraph 4 of Defendants' Motion cites *Pace v. Capobianco*, 283 F.3d 1275, 1278 (11th Cir. 2002), and states, "Rule 56(e)'s personal knowledge requirement prevents statements in affidavits that are based, in part, 'upon information and belief' – instead of only knowledge – **from raising genuine issues of fact**...." (emphasis added). The cited case does not state that the declaration at issue in *Pace* is inadmissible, only that it did not raise a genuine issue of material fact, *for purposes of the pending summary judgment motion.* Indeed, each of Defendants' cited cases share this fatal flaw. Plaintiff, in fact, has cited no relevant case law and has put forth no competent evidence that would suggest that this Court strike a declaration that is based on "information and belief" that is not attached to a summary judgment motion. For this reason alone, Plaintiff's motion should be denied.

Assuming, *arguendo*, that the standards set forth in Rule 56(e) do apply, however, Plaintiff still has not identified a single provision of the Oakes Declaration that fails to meet the standards of Rule 56(e). According to Rule 56(e), an affidavit must "[1] be made on personal knowledge, [and 2] set out facts that would be admissible in evidence..."[1] Plaintiff broadly asserts that paragraphs 5, 6, 8, 18 and 19 are improper and inadmissible because "those portions of the Declaration are not based upon [Oakes'] personal knowledge and are not admissible evidence under the Federal Rules." Defendants' Motion, p. 2. Defendants are simply wrong.

First, Mr. Oakes affirmatively states in paragraph 1 of his Declaration that he has served

---

[1] FRCP 56(e)(1) reads in its entirety, "In General. A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. The court my permit an affidavit to be supplemented or opposed by deposition, answers to interrogatories, or additional affidavits."

as senior counsel of Plaintiff and has been involved in the "negotiation, finalization, *and enforcement*" (emphasis added) of Little Tikes' license agreements since it was acquired by MGA. Accordingly, by the very definition of his job, Mr. Oakes would have personal knowledge of MGA's and Little Tikes' overall operations. Mr. Oakes knowledge of the facts in his Declaration is based on facts that he learned from others on whom he relies, communications (e-mail messages and letters) that he received, or other correspondence that he was privy to in his capacity as senior counsel of Little Tikes. Clearly, he has "knowledge" of the facts to which he avers.

Indeed, Defendants' objections make no common sense. By way of example, Defendants have objected to paragraph 5 of the Oakes Declaration, which begins, "[o]n or about December 8, 2003, Little Tikes…entered into a License Agreement…." According to Defendants' nonsensical reasoning, the only person competent to testify to the above-stated fact would be whoever was president of Little Tikes in 2003. Indeed, Defendants show this belief in stating, "[i]t is also particularly enlightening that even after months of litigation, MGA is unable to locate a single Little Tikes employee from prior to the acquisition who will support its version of the facts." This line of reasoning is wholly out of line with the actual practices of the business world, where indeed many employees are sometimes laid-off after a merger or acquisition. Defendants' line of reasoning would require every company to retain each and every employee of an acquired organization on the off chance that that organization is someday sued. As such, the Oakes Declaration was clearly made with the requisite knowledge of the facts, and easily meets the first requirement under Rule 56(e).

Further, the information in Mr. Oakes' Declaration would clearly be admissible in Court. Under Rule of Civil Procedure 30(b)(6), a party may name an organization as a deponent, and

the organization must then designate one or more persons who consent to testify on the organization's behalf about information known or reasonably available to the organization. Similarly, as Mr. Oakes has intimate knowledge of MGA and Little Tikes, *ex officio*, any testimony in the Oakes Declaration about information known or reasonably available to Little Tikes would clearly be as admissible in court as if taken as 30(b)(6) testimony. As such, the Oakes Declaration sets out facts that would be admissible in evidence, and therefore, easily meets the second requirement under Rule 56(e).

Finally, assuming, *arguendo*, that this Court determines that Rule 56(e) should apply to the Oakes Declaration, and even assuming, *arguendo*, that the Oakes Declaration does not meet the bar set forth in Rule 56(e), this Court should still use its discretion and allow the Oakes Declaration. District courts have discretion to consider otherwise inadmissible evidence in ruling on the merits of an applications for temporary restraining orders or preliminary injunctions. *Gable-Leigh, Inc. v. North American Miss*, 2001 WL 521695 at FN 68 (C.D. Cal 2001). *See also, Ty, Inc. v. GMA Accessories, Inc.*, 132 F.3d 1167, 1171 (7th Cir. 1997); *Sierra Club v. F.D.I.C.*, 992 F.2d 545, 551 (5th Cir. 1993) ("at the preliminary injunction stage, the procedures in the district court are less formal, and the district court may rely on otherwise inadmissible evidence, including hearsay evidence."); *Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1363 (9th Cir. 1988) ("it was within the discretion of the district court to accept this hearsay for purposes of deciding whether to issue the preliminary injunction."); *Flynt Distribution Co. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984) ("The Harveys argue that Flynt's evidence is hearsay. The urgency of obtaining a preliminary injunction necessitates a prompt determination and makes it difficult to obtain affidavits from persons who would be competent to testify at trial. The trial court may give even inadmissible evidence some weight, when to do so

serves the purpose of preventing irreparable harm before trial."). Because of the urgency of the motion to which the Oakes Declaration was attached, this Court should exercise its discretion and deny Defendants' motion.

## III. CONCLUSION

The Oakes Declaration was made on personal knowledge, and sets forth facts that would be admissible in evidence. Moreover, because of the urgency of Plaintiff's Motion for Temporary Restraining Order, to which the Oakes Declaration is attached, this Court should exercise its discretion and allow the Oakes Declaration to be viewed as it is. Therefore, Defendants' motion should be denied.

Dated: April 16, 2008.

        Respectfully submitted,

        By: s/Robert E. Browne
            Attorneys for Plaintiff

        Robert E. Browne, Esq. (ARDC # 0321761)
        Michael Kelber, Esq. (ARDC # 6231033)
        Lara V. Hirshfeld, Esq. (ARDC # 6277477)
        Maurice E. Finnegan III (ARDC # 6281387)
        NEAL, GERBER & EISENBERG LLP
        Two North LaSalle Street, Suite 2200
        Chicago, IL 60602-3801
        Telephone: (312) 269-8000
        Facsimile: (312) 269-1747
        Email: rbrowne@ngelaw.com

*Of Counsel*
Jeanine Pisoni
General Counsel
MGA Entertainment, Inc.
16300 Roscoe Blvd
Suite 150
Van Nuys, California 91406

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PORTIONS OF THE DECLARATION OF DAVID OAKES** was served, via the Court's ECF filing system, on April 16, 2008 on the following counsel of record:

> Paul T. Fox, Esq.
> Charles B. Leuin, Esq.
> Paul J. Ferak, Esq.
> Jason B. Elster, Esq.
> GREENBERG TRAURIG LLP
> 77 W. Wacker Drive, Suite 2500
> Chicago, Il 60601
>
> *Attorneys for Defendants*

                                                   s/Lara V. Hirshfeld
                                                   Lara V. Hirshfeld

NGEDOCS: 1516817.2