## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| THE LITTLE TIKES COMPANY,<br>an Ohio corporation, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:08-cv-1935 |
| v. | ) ) ) | Honorable Joan Gottschall |
| KID STATION TOYS, LTD.,<br>a Florida corporation, | ) ) ) | Magistrate Judge Nolan |
| KIDS STATION TOYS, LTD.,<br>a Hong Kong corporation, | ) ) ) | |
| KIDS STATION (U.S.) INCORPORATED,<br>a Florida corporation, | ) ) ) | |
| KIDS STATION TOYS<br>INTERNATIONAL, LTD.,<br>a Bermuda corporation, | ) ) ) ) | |
| KIDS STATION TOYS INTERNATIONAL<br>HOLDING, GmbH<br>a Switzerland corporation, and | ) ) ) ) | |
| MR. ELLIOT S. NEWMAN<br>an individual, | ) ) ) | |
| Defendants. | ) | |

## MOTION TO VACATE PRELIMINARY INJUNCTION HEARING DATE WITH
## LEAVE TO FILE MOTION FOR PRELIMINARY INJUNCTION AFTER DISCOVERY

Plaintiff, The Little Tikes Company ("Little Tikes"), hereby moves this Court to vacate

the Preliminary Injunction hearing currently scheduled to take place on May 2, 2008 at 9:00 AM,

with leave for Little Tikes to file a Motion for Preliminary Injunction after taking discovery.  In

support thereof, Little Tikes states as follows:

1.      On April 9, 2008, Little Tikes filed a Motion for Temporary Restraining Order to enjoin Defendants from manufacturing, promoting, selling, or distributing products under the LITTLE TIKES trademarks pending a full hearing on the merits. The basis for the requested relief was the incurable breach of a trademark License Agreement between Little Tikes and Kid Station (Florida) (the "Agreement") by Defendants' sale of LITTLE TIKES branded products that were unapproved under the Agreement because of a serious product defect. The Motion was fully briefed, and several Declarations in support and opposition were filed, and heard by this Court on April 17, 2008.

2.      On April 18, 2008, an Order was entered by this Court denying the Temporary Restraining Order. The Order considered several factors but turned on the dispositive factors of the balance of the irreparable harms suffered by the Plaintiff and the Defendants if a Temporary Restraining Order were granted. (See Order at p. 11.)

3.      During oral argument, this Court scheduled a preliminary injunction hearing to take place on May 2, 2008, based in part on the contingency that if the Court were to grant a temporary restraining order, under Rule 65(b)(2) it would be limited to 10 days, after which a preliminary injunction hearing would be required to maintain the injunction. Because the Court denied the motion for a temporary restraining order, Defendants are not entitled to a further hearing.

4.     Moreover, the Court's Order turned on Defendants' representations by counsel in the Declaration of Mr. Newman that an injunctive order would irreparably harm them. Specifically, after finding that Little Tikes had met its burden on the first three legal factors for issuing a TRO, the Court found the balance of irreparable harms tipping towards Defendants. This finding was premised on Defendants' claim they face serious damage, even possibly ruination of their finances and reputation. *See* April 18, 2008 Order p. 10.

5.     Defendants' financial condition, its commitments to its customers, as well as the status of its shipments of unapproved products is information solely within Defendants' control. Thus, Little Tikes requires discovery from Defendants on the factual issues raised in connection with the Temporary Restraining Order, including (1) when Defendants stopped manufacturing, promoting, selling, or distributing the unapproved version of the Toy Cell Phone; and (2) Defendants' factual claims of irreparable harm. This information is relevant —indeed critical— to whether Little Tikes is entitled to a preliminary injunction. Because this is information solely in Defendants' possession, absent conducting discovery, Little Tikes cannot obtain this information.

6.     In addition, as a second, independent basis for Little Tikes' termination of the Agreement, Little Tikes asserted in its Complaint numerous other breaches of the Agreement. These breaches had been subject to cure under the Agreement.  *See* Complaint, ¶ 33.   While Defendants have de facto conceded that they failed to cure these breaches, Paragraph 14.4 of the Agreement provides that Defendants have three months to sell off products bearing the LITTLE TIKES trademark that had been ordered, manufactured or were still in stock on the date of termination.   This three-month sell-off period will not have expired before the presently-scheduled May 2, 2008 hearing date.  Thus, based on these breaches under § 14.2 of the

Agreement, it is premature for Little Tikes to seek injunctive relief to stop Defendants from manufacturing, selling or distributing any products bearing the LITTLE TIKES trademark.

      7.     Defendants' consent to the motion to vacate this date is not required.   A preliminary injunction is relief that may be sought or not by Little Tikes.  While Little Tikes intends to pursue such relief, given the factual issues that formed the basis for the Court's Order denying the TRO, and in the interests of laying a complete claim before the Court, Little Tikes requests, procedurally and in fairness, for the opportunity to take discovery on Defendants to test the validity of their factual assertions before seeking a preliminary injunction.

      WHEREFORE, Little Tikes respectfully requests that the Court enter an order postponing the Preliminary Injunction hearing for at least thirty (30) days to allow the parties sufficient time to conduct needed discovery and for Little Tikes to submit a motion for a preliminary injunction.

Dated:  April 28, 2008.

Respectfully submitted,


By:  s/Robert E. Browne
One of the Attorneys for Plaintiff, The Little
Tikes Company


Robert E. Browne (ARDC# 032 1761)
Michael G. Kelber (ARDC# 623 1033)
Lara V. Hirshfeld (ARDC# 627 7477)
Maurice E. Finnegan, III (ARDC# 628 1387)
**NEAL, GERBER & EISENBERG LLP**
Two North LaSalle Street, Suite 2200
Chicago, IL  60602-3801
Telephone:  (312) 269-8000
Facsimile:  (312) 269-1747


*Of Counsel*
Jeanine Pisoni
General Counsel
MGA Entertainment, Inc.
16300 Roscoe Blvd
Suite 150
Van Nuys, California  91406

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **MOTION TO VACATE PRELIMINARY INJUNCTION HEARING DATE WITH LEAVE TO FILE MOTION FOR PRELIMINARY INJUNCTION AFTER DISCOVERY** was served, via messenger delivery, on April 28, 2008 on the following counsel of record:

> Paul T. Fox, Esq.
> Charles B. Leuin, Esq.
> Paul J. Ferak, Esq.
> Jason B. Elster, Esq.
> GREENBERG TRAURIG LLP
> 77 W. Wacker Drive, Suite 2500
> Chicago, Il 60601
>
> *Attorneys for Defendants*

s/Lara V. Hirshfeld
Lara V. Hirshfeld

NGEDOCS: 1526665.3