THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THE LITTLE TIKES COMPANY,<br>an Ohio corporation, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:08-cv-1935 |
| v. | ) ) ) | Honorable Joan Gottschall |
| KID STATION TOYS, LTD.,<br>a Florida corporation, | ) ) ) | Magistrate Judge Nolan |
| KIDS STATION TOYS, LTD.,<br>a Hong Kong corporation, | ) ) ) | |
| KIDS STATION (U.S.) INCORPORATED,<br>a Florida corporation, | ) ) ) | |
| KIDS STATION TOYS<br>     INTERNATIONAL, LTD.,<br>a Bermuda corporation, | ) ) ) ) | |
| KIDS STATION TOYS INTERNATIONAL<br>     HOLDING, GmbH<br>a Switzerland corporation, and | ) ) ) ) | |
| MR. ELLIOT S. NEWMAN<br>an individual, | ) ) ) | |
| Defendants. | ) | |

## PLAINTIFF LITTLE TIKES' MOTION FOR EXPEDITED DISCOVERY

Plaintiff, The Little Tikes Company ("Little Tikes"), by and through its attorneys, hereby

moves this Court, pursuant to Rule 26(d) of the Federal Rules of Civil Procedure, for entry of an

Order requiring the parties to engage in expedited discovery.  In support of this Motion, Little

Tikes states as follows:

1.    On April 3, 2008, Plaintiff, Little Tikes, filed its Complaint against Defendants, requesting, among other things, that this Court enter an Order (i) enjoining Defendants from using Little Tikes' trademarks; (ii) enjoining Defendants from marketing, advertising, promoting, distributing or selling any products in connection with Little Tikes' trademarks; and (iii) requiring Defendants to immediately remove from sale in all channels of trade any products sold by Defendants that bear the LITTLE TIKES trademark.

2.    As Little Tikes asserts more fully in its Complaint, Defendants' failure to immediately cease their use of Little Tikes' trademarks has caused irreparable injury to Little Tikes through damage to the reputation and goodwill that Little Tikes has developed in connection with its trademarks.  Such irreparable injury will continue until Defendants are enjoined.

3.    On April 9, 2008, Little Tikes filed a Motion for a Temporary Restraining Order against Defendants to prevent further infringement of Little Tikes' trademarks.  Plaintiff's April 9, 2008 Motion was fully briefed, and a hearing took place on April 17, 2008.  During the April 17, 2008 hearing, the Court scheduled a Preliminary Injunction hearing for May 2, 2008, based in part on the contingency that if the Court were to have granted a temporary restraining order, it would have been limited to 10 days.

4.    On April 18, 2008, the Court denied Little Tike's motion for a temporary restraining order.  The Court's Order was premised on factual representations supported by Declarations submitted by Defendants that entry of the injunctive relief would irreparably harm Defendants, possibly ruining their finances and reputation. *See* April 18, 2008 Order p. 10.

5.    However to challenge Defendants' allegations, in its Declarations, Little Tike's needs discovery, as set forth below.  Accordingly, to provide an opportunity to take discovery,

Little Tikes is concurrently herewith filing a Motion to Vacate the Preliminary Injunction Hearing with Leave to File the Motion After Discovery (the "Motion to Vacate").

6.    Plaintiff requires the expedited discovery requested in this Motion in order to discover facts solely in Defendants' control and thereby fully brief the Court prior to seeking a preliminary injunction. Defendants' allegation of serious financial damage or ruination, should a preliminary injunction issue, is based solely on statements by counsel and one Declaration, which attached no supporting documentation.    Indeed, information regarding Defendants' financial condition, as well as the status of its shipments of unapproved products, is solely within Defendants' control and known only to Defendants.

7.    Thus, Little Tikes requires discovery from Defendants on the factual issues raised in connection with the Temporary Restraining Order, including (1) when Defendants stopped manufacturing, promoting, selling, or distributing the unapproved version of the Toy Cell Phone; and (2) Defendants' factual claims of irreparable harm. This information is relevant —indeed critical—to whether Little Tikes is entitled to a preliminary injunction.    Because this is information solely in Defendants' possession, absent conducting discovery, Little Tikes cannot obtain this information.

8.    In an effort to obtain this discovery, Little Tikes sent Defendants' counsel document requests and subject categories on which Little Tikes wished to depose corporate representatives of Defendants. *See* Letter From M. Kelber to P. Fox, dated April 24, 2008, attached hereto at Exhibit 1. Defendants counsel refused to stipulate to early discovery, thus prompting this motion. *See* Letter from C. Leuin to M. Kelber, dated April 24, 2008, attached hereto at Exhibit 2.

9.    Therefore, Little Tikes respectfully requests that this Court enter an Order permitting the Parties to immediately serve written discovery and engage in expedited discovery, with responses to such written discovery and exchange of documents being due within twenty (20) business days of service.  Little Tikes Initial Document Requests are attached hereto at Exhibit 3.  Little Tikes further requests an Order that any noticed depositions of the parties and their representatives be scheduled within 20 days of the exchange of documents produced in response to the written discovery requests.  Exemplary notices of these depositions are attached hereto as Exhibit 4 (the dates have been left blank, pending the outcome of Plaintiff's current Motions).

WHEREFORE, Little Tikes respectfully requests that this Court enter an Order requiring that the parties engage in expedited discovery as outlined in this Motion.

Dated:  April 28, 2008                          Respectfully Submitted,

                                                By:  s/ Robert E. Browne
                                                     One of the Attorneys for Plaintiff,
                                                     The Little Tikes Company

                                                     Robert E. Browne (ARDC# 03,21761)
                                                     Michael G. Kelber (ARDC# 62,31033)
                                                     Lara V. Hirshfeld (ARDC# 62,77477)
                                                     Maurice E. Finnegan, III (ARDC# 62,81387)
                                                     NEAL, GERBER & EISENBERG LLP
                                                     Two North LaSalle Street
                                                     Suite 2200
                                                     Chicago, Illinois  60602
                                                     Telephone:  (312) 269-8000
                                                     Facsimile:  (312) 269-1747

*Of Counsel*
Jeanine Pisoni
General Counsel
MGA Entertainment, Inc.
16300 Roscoe Blvd
Suite 150
Van Nuys, California  91406

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **PLAINTIFF LITTLE TIKES' MOTION FOR EXPEDITED DISCOVERY** was served, via messenger delivery, on April 28, 2008 on the following counsel of record:

> Paul T. Fox, Esq.
> Charles B. Leuin, Esq.
> Paul J. Ferak, Esq.
> Jason B. Elster, Esq.
> GREENBERG TRAURIG LLP
> 77 W. Wacker Drive, Suite 2500
> Chicago, Il 60601
>
> *Attorneys for Defendants*

_____ s/Lara V. Hirshfeld _____<br>Lara V. Hirshfeld

# EXHIBIT 1

# NEAL ▪ GERBER ▪ EISENBERG

Michael G. Kelber
Attorney at Law

Tel 312.269.5322
Fax 312.269.1747
mkelber@ngelaw.com

April 24, 2008

## VIA E-MAIL – CONFIRMATION BY FIRST CLASS MAIL

Paul T. Fox, Esq.
Greenberg & Traurig LLP.
77 West Wacker Drive, Suite 2500
Chicago, Illinois  60601

> Re:    The Little Tikes Company v. Kid Station Toys *et al.*
>        Case No. 08-cv-1935

Dear Paul:

As we discussed yesterday, enclosed please find initial Document Requests directed to all Defendants in the case.  If the hearing is to commence next Friday, May 2, 2008, we would also like to take the depositions of Messrs. Elliott Newman and Edwin Carbrera, as well as the corporate representatives for the Defendants under Rule 30(b)(6) of the Federal Rules of Civil Procedure, on the subjects listed on the attached enclosure.  Given the timing, it appears that these depositions would have to take place on Tuesday and Wednesday of next week in Miami.

Regarding the scheduling of the hearing, you had mentioned during our meeting Tuesday, April 22nd, that you did not believe that the preliminary injunction hearing could be completed in a single day, yet Judge Gottschall had told the parties that she had trials scheduled for at least a couple of weeks beginning Monday, May 5, 2008.  This means that if your client intends to seek more than a single day for the preliminary injunction hearing, the hearing would need to be continued, and would not be completed for at least a few weeks after May 2nd.  Accordingly, please let us know your client's position regarding the rescheduling of the preliminary injunction hearing.

Meanwhile, as I had mentioned yesterday, as soon as our client has an opportunity to confer with us, we will let you know.

Sincerely,

Michael G. Kelber

MGK:adw
Enclosures
cc:    Charles B. Leuin

NGEDOCS: 1526244.1

# EXHIBIT 2

# Greenberg
# Traurig

Charles B. Leuin
Tel. 312.476.5059
Fax 312.456.8435
leuinc@gtlaw.com

April 24, 2008

<u>**VIA PDF TRANSMISSION**</u>
<u>**and FIRST CLASS MAIL**</u>

Michael G. Kelber, Esq.
Neal, Gerber & Eisenberg LLP
Two North LaSalle Street
Chicago, Illinois 60602-3801

Re:   <u>The Little Tikes Company v. Kid Station Toys Ltd., *et al.*</u>
      **Case No. 08 CV 1935**

Dear Michael:

Paul Fox asked me to respond to your letter of today's date. As an initial matter, we find your request for the provision of 36 separate categories of documents and numerous depositions in order to justify Little Tikes' purported termination of Kids Station's license to be wholly at odds with the position you have taken in your papers filed with the Court: that Little Tikes had a sufficient, proper basis for termination on February 5, 2008. If Little Tikes had a legitimate basis for the termination on February 5th, there would be no need for *post facto* discovery from Kids Station to present the evidence which proves that. If anyone should be entitled to discovery to address that issue, it is Kids Station, not Little Tikes.

As fundamentally, the scope of the information you have requested makes it abundantly clear that what you really are seeking is delay. You could not fail to appreciate the impossibility of addressing the sweeping discovery you seek in the single week which remains between now and the hearing, the same week during which the parties will be preparing for this hearing. That this sweeping request for discovery follows fast on the heels of your request of yesterday afternoon for our agreement that the hearing be continued leaves little to the imagination.

You may recall that Judge Gottschall indicated at the TRO hearing that she did not believe expedited discovery was necessary or appropriate in advance of the preliminary injunction hearing. It seems unnecessary to add that your discovery requests violate at least Rules 26(d), 30(b)(1), and 34(b) of the Federal Rules of Civil Procedure. Because the discovery Little Tikes has sought is not authorized by the Court, is not permitted under the Rules, and is inconsistent with the schedule

ALBANY
AMSTERDAM
ATLANTA
BOCA RATON
BOSTON
BRUSSELS*
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON*
LOS ANGELES
MIAMI
MILAN*
NEW JERSEY
NEW YORK
ORANGE COUNTY
ORLANDO
PHILADELPHIA
PHOENIX
ROME*
SACRAMENTO
SILICON VALLEY
TALLAHASSEE
TAMPA
TOKYO*
TYSONS CORNER
WASHINGTON, D.C.
WEST PALM BEACH
ZURICH
*Strategic Alliance
Tokyo Office of Strategic Alliance

Michael G. Kelber, Esq.
April 24, 2008
Page 2

established for the preliminary injunction hearing in this matter, Kids Station respectfully declines to respond or to produce any witnesses for deposition. We propose that the parties turn their attention to the matter at hand: next Friday's preliminary injunction hearing. We suggest the parties agree upon a date next week by which we will exchange witness lists for the preliminary injunction hearing as well as exhibits that each party intends to use at the hearing. We suggest that exchange occur by 12:00 noon on Wednesday, April 30th.

Kids Station understands that Judge Gottschall has set aside one day for the preliminary injunction hearing. We will endeavor to complete the hearing in the time we have been provided, and expect you will do the same. As we have already explained to you, any incremental delay compounds the uncertainty surrounding Kids Station's business. We will not, therefore, agree to reschedule the hearing from its currently scheduled date.

Very truly yours,

Charles B. Leuin

cc:     Paul T. Fox

# EXHIBIT 3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

THE LITTLE TIKES COMPANY,               )
an Ohio corporation,                    )
                                        )    Case No. 1:08-cv-1935
                    Plaintiff,          )
                                        )
        v.                              )
                                        )
KID STATION TOYS, LTD.,                 )
a Florida corporation,                  )    **Jury Trial Demanded**
                                        )
KIDS STATION TOYS, LTD.,                )
a Hong Kong corporation,                )
                                        )    Hon. Joan B. Gottschall
KIDS STATION (U.S.) INCORPORATED,       )
a Florida corporation,                  )
                                        )
KIDS STATION TOYS                       )
        INTERNATIONAL, LTD.,            )
a Bermuda corporation,                  )
                                        )
KIDS STATION TOYS INTERNATIONAL         )
        HOLDING, GmbH                    )
a Switzerland corporation, and          )
                                        )
MR. ELLIOT S. NEWMAN                    )
an individual,                          )
                                        )
                    Defendants.         )

### PLAINTIFFS FIRST REQUEST TO DEFENDANTS FOR PRODUCTION OF
### DOCUMENTS AND THINGS

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff, The Little Tikes

Company, submits the following requests for production of documents and things to Defendants,

Kid Station Toys, Ltd., a Florida corporation, Kids Station Toys, Ltd., a Hong Kong corporation,

Kids Station (U.S.) Incorporated, a Florida corporation, Kids Station Toys International, Ltd., a

Bermuda corporation, Kids Station Toys International Holding, GmbH and Mr. Elliot S. Newman.

**DEFINITIONS**

As used herein, unless the context in which it appears clearly suggests otherwise, each of the following terms has the meaning set forth below:

A.    "Plaintiff" means Little Tikes Company, its predecessors, agents, employees and other persons acting on its behalf or on behalf of its predecessors.

B.    "Kid Station (Florida)" means Kid Station Toys, Ltd., a Florida corporation, its predecessors, agents, employees and other persons acting on its behalf or on behalf of its predecessors.

C.    "Kids Station (Hong Kong)" means Kids Station Toys, Ltd., a Hong Kong corporation, its predecessors, agents, employees and other persons acting on its behalf or on behalf of its predecessors.

D.    "Kids Station (U.S.)" means Kids Station (U.S.) Incorporated, a Florida corporation, its predecessors, agents, employees and other persons acting on its behalf or on behalf of its predecessors.

E.    "Kids Station (Bermuda)" means International, Ltd., a Bermuda corporation, its predecessors, agents, employees and other persons acting on its behalf or on behalf of its predecessors.

F.    "Kids Station (International)" means Kids Station Toys International Holding, GmbH, its predecessors, agents, employees and other persons acting on its behalf or on behalf of its predecessors.

G.    "Newman" means Elliot S. Newman.

2

H.    "Defendants" means Kid Station (Florida), Kids Station (Hong Kong), Kids Station (International), Kids Station (U.S.), Kids Station (Bermuda) and Newman, either individually or collectively.

I.    "Identify" with respect to:

    i.    a person (as defined in Paragraph E of these instructions below) means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment;

    ii.    a document, means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s); and

    iii.    in the case of an oral or other communication, means to identify the circumstances of the communication sufficiently to permit future identification, specification and discovery of the communication.

J.    "Documents" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations.   A draft of non-identical copy is a separate document within the meaning of this term.

K.    "Person" is defined as any natural person or any business, legal or governmental entity or association.

L.    The singular shall include the plural and the plural shall include the singular.

M.    "You" or "your" means Defendants as defined above.

N.    "Agreement" means the License Agreement between Little Tikes and Kid Station (Florida) entered into on December 8, 2003.

O.    "Addendum" means the Addendum to the Agreement entered into on January 1, 2006.

P.    "LITTLE TIKES Mark" refers to the LITTLE TIKES trademark, Registration Nos. 1,055,661 and 1,145,515.

Q.    "Toy Cell Phone" means product numbers KSL8030, KSL8032, KSL8033, and KSL4010.

## INSTRUCTIONS

A.    If any information is withheld under a claim of privilege, state the nature of the privilege claimed and provide sufficient information to permit a full determination of whether the claim is valid.  For allegedly privileged documents, include: an identification of the sender and the recipients of the document; the date of the document; a description of the contents or nature of the document; the number of the request to which the document is responsive; and an explanation of the basis for the asserted claim of privilege.

B.    In answering these requests, you are required to furnish all documents that are available to you, including documents and things in the possession, custody or control of any of your representatives, including, without limitation, your attorneys, accountants, advisers, agents, and other persons, directly or indirectly, employed by, or connected with you or anyone else otherwise subject to your control.

C.    In responding to these requests, you must make a diligent search of your records and of other papers and materials in your possession or available to you or your representatives, in accordance with the requirements of Rule 34 of the Federal Rules of Civil Procedure.

D.      Each request calls for production of each document and thing in its entirety, without abbreviation, redaction, expurgation or modification.

E.      Each request seeks production of all documents and things described, along with any addenda, attachments, drafts, and non-identical copies as found or located either in Applicant's business or personal files, together with a copy of the descriptive file folders or database category in its entirety.

F.      If any request cannot be complied with in its entirety, it shall be complied with, to the extent possible, with a written explanation as to why full compliance is not possible.

G.      If there are no documents or things responsive to a particular request, you must state so in writing.

## DOCUMENT REQUESTS

**DOCUMENT REQUEST NO. 1:**

Documents sufficient to explain the corporate relationship between Defendants.

**DOCUMENT REQUEST NO. 2:**

Documents sufficient to identify each entity that manufactures, sells or distributes LITTLE TIKES branded products.

**DOCUMENT REQUEST NO. 3:**

All documents and things evidencing, relating or referring to Defendants' compliance with Section 3.1 of the Agreement, including evidence of providing timely samples of each LITTLE TIKES branded product.

**DOCUMENT REQUEST NO. 4:**

All documents and things evidencing, relating or referring to Defendants' compliance with Section 4.8 and 4.9 of the Agreement, including copies of all distribution reports, product development plans, and reports of all advertising and merchandising and promotional activities.

**DOCUMENT REQUEST NO. 5:**

Documents sufficient to identify the LITTLE TIKES branded products Defendants currently manufacture and sell.

**DOCUMENT REQUEST NO. 6:**

Documents sufficient to identify Defendants' actual sales, costs, and profits from 2004 to the present date for each LITTLE TIKES branded product that Defendants have sold or currently sell.

**DOCUMENT REQUEST NO. 7:**

Documents sufficient to identify Defendants' annual revenues from 2004 to the present date.

**DOCUMENT REQUEST NO. 8:**

Documents sufficient to identify Defendants' financial condition from January 2005 until the present, including but not limited to all profit and loss statements during that period.

**DOCUMENT REQUEST NO. 9:**

All documents that evidence or reflect that the loss of Defendants sales of LITTLE TIKES branded products may result in irreparable harm to Defendants.

**DOCUMENT REQUEST NO. 10:**

All correspondence between Defendants and Little Tikes regarding the Agreement and Addendum, including but not limited to the July 10, 2007, January 30, 2008, February 5, 2008, and March 11, 2008 letters from David Oakes to Elliot Newman.

**DOCUMENT REQUEST NO. 11:**

All documents relating to the negotiation of the Addendum, including without limitation, any documents relating to the inclusion of "cell phones" in Category IV of the Addendum.

**DOCUMENT REQUEST NO. 12:**

All correspondence between Defendants and Little Tikes regarding the Toy Cell Phone.

**DOCUMENT REQUEST NO. 13:**

All product approval forms relating or referring in any way to the Toy Cell Phone.

**DOCUMENT REQUEST NO. 14:**

All documents and things evidencing, relating to or referring to the modification of the Toy Cell Phone.

**DOCUMENT REQUEST NO. 15:**

All documents and things evidencing, relating to or referring to the quality of the products manufactured or sold by Defendants under the Agreement and Addendum.

**DOCUMENT REQUEST NO. 16:**

All documents and things evidencing, relating to or referring to any and all consumer complaints regarding LITTLE TIKES branded products manufactured or sold by Defendants, including but not limited to the Toy Cell Phone.

**DOCUMENT REQUEST NO. 17:**

All documents and things (including for example, testing results, notes, correspondence, or memorandum) evidencing, relating to or referring to information about any potential defects or problems concerning LITTLE TIKES branded products manufactured or sold by Defendants, including the Toy Cell Phone, and including but not limited to the information conveyed by the CPSC to Defendants.

**DOCUMENT REQUEST NO. 18:**

All correspondence, testing results, reports, memorandum or other documents evidencing, relating to or referring to all Consumer Protection Safety Commission ("CPSC") notices or reports regarding LITTLE TIKES branded products manufactured or sold by Defendants.

**DOCUMENT REQUEST NO. 19:**

All documents and things evidencing, relating or referring to all Consumer Protection Safety Commission ("CPSC") notices or reports regarding the Toy Cell Phone, including but not limited to the April 30, 2007 notice, June 14, 2007 notice, and March 14, 2007 Enforcement Letter.

**DOCUMENT REQUEST NO. 20:**

All documents and things evidencing, relating or referring to the Consumer Protection Safety Commission ("CPSC") contacting Defendants in September of 2007 regarding the Toy Cell Phone.

**DOCUMENT REQUEST NO. 21:**

All Little Tikes royalty reports from 2004 to the present.

**DOCUMENT REQUEST NO. 22:**

All documents and things evidencing, relating or referring in any to Defendants being selected as Wal-Mart's 2007 Global Procurement Supplier of the Year, including without limitation documents sufficient to identify which products Defendants were recognized for supplying.

**DOCUMENT REQUEST NO. 23:**

All documents and things evidencing, relating or referring in any to Defendants being nominated as the Best Corporate Brand Licensee of the Year for the Little Tikes brand by the Licensing Industry Merchandisers Association.

**DOCUMENT REQUEST NO. 24:**

Documents sufficient to identify Defendants' current customers for LITTLE TIKES branded products.

**DOCUMENT REQUEST NO. 25:**

Documents sufficient to identify Defendants' outstanding orders to sell and distribute LITTLE TIKES branded products in 2008.

**DOCUMENT REQUEST NO. 26:**

All documents and things evidencing, relating or referring in any way to marketing plans for LITTLE TIKES branded products from 2007 through 2009.

**DOCUMENT REQUEST NO. 27:**

All documents and things evidencing, relating or referring in any way to forecasts or sales projections for LITTLE TIKES branded products from 2007 through 2009.

**DOCUMENT REQUEST NO. 28:**

All documents and things evidencing, relating or referring in any way to the 2008 Toy Fair in Hong Kong, including but not limited to documents sufficient to identify Defendants' LITTLE TIKES branded products displayed and promoted at the Toy Fair and all commitments made by Defendants to attendees of the Toy Fair to deliver LITTLE TIKES products.

**DOCUMENT REQUEST NO. 29:**

All documents and things evidencing, relating or referring in any way to the meeting between MGA and Defendants in May of 2007.

**DOCUMENT REQUEST NO. 30:**

All testing reports for the Toy Cell Phone, both modified and unmodified versions.

**DOCUMENT REQUEST NO. 31:**

All documents and things to support Defendants' claim that the Toy Cell Phone is no longer for sale, including copies of any communications sent by Defendants to retailers in March of 2008 regarding the Toy Cell Phone.

**DOCUMENT REQUEST NO. 32:**

All documents and things to support Defendants' claim that the unmodified version of the Toy Cell Phone has been recalled and removed entirely from the marketplace.

**DOCUMENT REQUEST NO. 33:**

All documents and things to support Defendants' claim that the last shipment of the unmodified version of the Toy Cell Phone occurred on or about October 5, 2007.

## DOCUMENT REQUEST NO. 34:

Documents, including all invoices, sufficient to identify every shipment of the unmodified version of the Toy Cell Phone from January 2007 to the present.

## DOCUMENT REQUEST NO. 35:

Documents, including all invoices and shipping records, sufficient to identify all distributors of LITTLE TIKES branded products sold by Defendants.

## DOCUMENT REQUEST NO. 36:

To the extent not produced in response to one or more of the foregoing Requests, all documents which are identified by, relevant to, or were used in the preparation of the Defendants' Rule 26(a) Initial Disclosures.


Respectfully requested,


Date: _____     By: _____
                                         One of the Attorneys for Plaintiff, The Little
                                         Tikes Company

Robert E. Browne (ARDC# 032 1761)
Michael G. Kelber (ARDC# 623 1033)
Lara V. Hirshfeld (ARDC# 627 7477)
Maurice E. Finnegan, III (ARDC# 628 1387)
**NEAL, GERBER & EISENBERG LLP**
Two North LaSalle Street, Suite 2200
Chicago, IL 60602-3801
Telephone: (312) 269-8000
Facsimile: (312) 269-1747

*Of counsel:*
Jeanine Pisoni
General Counsel
MGA Entertainment, Inc.
16300 Roscoe Blvd.
Suite 150
Van Nuys, California 91406

# EXHIBIT 4

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| THE LITTLE TIKES COMPANY,<br>an Ohio corporation, | ) <br> ) <br> ) | Case No. 1:08-cv-1935 |
| Plaintiff, | ) <br> ) <br> ) | |
| v. | ) <br> ) | |
| KID STATION TOYS, LTD.,<br>a Florida corporation, | ) <br> ) <br> ) | |
| KIDS STATION TOYS, LTD.,<br>a Hong Kong corporation, | ) <br> ) <br> ) | |
| KIDS STATION (U.S.) INCORPORATED,<br>a Florida corporation, | ) <br> ) <br> ) | Hon. Joan B. Gottschall |
| | ) <br> ) <br> ) | **Notice of Deposition of Kids<br>Station (U.S.) Incorporated,<br>Pursuant to Rule 30(b)(6)** |
| KIDS STATION TOYS<br>    INTERNATIONAL, LTD.,<br>a Bermuda corporation, | ) <br> ) <br> ) <br> ) | |
| KIDS STATION TOYS INTERNATIONAL<br>    HOLDING, GmbH<br>a Switzerland corporation, and | ) <br> ) <br> ) <br> ) | |
| MR. ELLIOT S. NEWMAN<br>an individual, | ) <br> ) <br> ) <br> ) | |
| Defendants. | ) | |

To:  Paul T. Fox, Esq.
     Charles B. Leuin, Esq.
     Paul J. Ferak, Esq.
     Greenberg Traurig LLP
     77 W. Wacker Drive, Suite 2500
     Chicago, Il 6060

     Please Take Notice that Plaintiff, the Little Tikes Company ("Little Tikes"), by and

through its attorneys, and pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, will take the deposition of Kids Station (U.S.) Incorporated ("Kids Station (US)"). The deposition will commence at 9:30 AM on April ____, 2008, at the offices Holland & Knight LLP, 701 Brickell Avenue, Suite 3000, Miami, Florida 33131, continuing from day to day thereafter until completed. The deposition will take place before a duly-qualified notary public or other person authorized to administer the oaths under the law, and will be recorded by stenographic means and may be videotaped.

Pursuant to Fed. R. Civ. P. 30(b)(6), Kids Station (US) is required to designate one or more officers, directors or other persons who consent to testify on its behalf, with respect to the matters set forth in the topics identified in the Subjects of Testimony attached hereto.

Plaintiff hereby requests that, on or before April __, 2008, Kid Station (US) identify, by category, the witness or witnesses to be produced for deposition.

You are invited to attend and participate in accordance with the Federal Rules of Civil Procedure.

Respectfully requested,

Date: _____          By: _____

One of the Attorneys for Plaintiff, The Little
Tikes Company

Robert E. Browne (ARDC# 032 1761)
Michael G. Kelber (ARDC# 623 1033)
Lara V. Hirshfeld (ARDC# 627 7477)
Maurice E. Finnegan, III (ARDC# 628 1387)
**NEAL, GERBER & EISENBERG LLP**
Two North LaSalle Street, Suite 2200
Chicago, IL  60602-3801
Telephone:  (312) 269-8000
Facsimile:  (312) 269-1747

*Of counsel:*
Jeanine Pisoni
General Counsel
MGA Entertainment, Inc.
16300 Roscoe Blvd.
Suite 150
Van Nuys, California 91406

3

## Appendix A

a.      "Plaintiff" means Little Tikes Company, its predecessors, agents, employees and other persons acting on its behalf or on behalf of its predecessors.

b.      "Kid Station (Florida)" means Kid Station Toys, Ltd., a Florida corporation, its predecessors, agents, employees and other persons acting on its behalf or on behalf of its predecessors.

c.      "Kids Station (Hong Kong)" means Kids Station Toys, Ltd., a Hong Kong corporation, its predecessors, agents, employees and other persons acting on its behalf or on behalf of its predecessors.

d.      "Kids Station (U.S.)" means Kids Station (U.S.) Incorporated, a Florida corporation, its predecessors, agents, employees and other persons acting on its behalf or on behalf of its predecessors.

e.      "Kids Station (Bermuda)" means International, Ltd., a Bermuda corporation, its predecessors, agents, employees and other persons acting on its behalf or on behalf of its predecessors.

f.      "Kids Station (International)" means Kids Station Toys International Holding, GmbH, its predecessors, agents, employees and other persons acting on its behalf or on behalf of its predecessors.

g.      "Newman" means Elliot S. Newman.

h.      "Defendants" means Kid Station (Florida), Kids Station (Hong Kong), Kids Station (International), Kids Station (U.S.), Kids Station (Bermuda) and Newman.

i.      "Identify" with respect to:

1.    a person means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment;

2.    a document, means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s); and

3.    in the case of an oral or other communication, means to identify the circumstances of the communication sufficiently to permit future identification, specification and discovery of the communication.

j.    "Documents" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations.    A draft of non-identical copy is a separate document within the meaning of this term.

k.    "Person" is defined as any natural person or any business, legal or governmental entity or association.

l.    The singular shall include the plural and the plural shall include the singular.

m.    "You" or "your" means Defendants as defined above.

n.    "Agreement" means the License Agreement between Little Tikes and Kid Station (Florida) entered into on December 8, 2003.

o.    "Addendum" means the Addendum to the Agreement entered into on January 1, 2006.

p.    "LITTLE TIKES" refers to the LITTLE TIKES trademark, Registration Nos. 1,055,661 and 1,145,515.

q.    "Toy Cell Phone" means product numbers KSL8030, KSL8032, KSL8033, and KSL4010.

## INSTRUCTIONS

If you cannot answer any Subject of Testimony fully, completely, and in detail after exercising due diligence to make inquiry and secure the information necessary, so state, and (1) specify the portion of such Subject of Testimony that you are unable to answer fully, completely, and in detail; and (2) state the reason why such portion cannot be so answered. If your response is qualified in any particular respect, set forth the details of such qualification.

If any information is withheld under a claim of privilege, state the nature of the privilege claimed, and provide sufficient information to permit a full determination of whether the claim is valid. For allegedly privileged documents, include: an identification of the sender and the recipients of the document; the date of the document; a description of the contents or nature of the document; the number of the Subject of Testimony to which the document is responsive; and an explanation of the basis for the asserted claim of privilege.

If you object to any subpart of a Subject of Testimony or object to providing certain information requested, state your objection and answer any unobjectionable subpart(s) of the request for information and/or supply the unobjectionable information requested.

## SUBJECTS OF TESTIMONY

The person(s) so designated shall testify as to the matters known or reasonably available with respect to the following:

1. The corporate structure and organization of each Defendant from 2004 to present, including the identity of all corporate officers and directors during that time frame, and all persons having any ownership or financial interest in each Defendant's business and the percentage of ownership interest of each Defendant held by Elliot or Joel Newman from 2004 to present.

2. The corporate relationship between Kid Station (US) and each of the other Defendants.

3. Any consumer complaints related to LITTLE TIKES branded products, including without limitation the Toy Cell Phone.

4. Any Consumer Protection Safety Commission notices or reports related to LITTLE TIKES branded products, including without limitation the April 30, 2007 notice, June 14, 2007 notice and March 14, 2008 Enforcement Letter.

5. The negotiations of the Agreement and Addendum.

6. The products currently manufactured and sold under the LITTLE TIKES mark and the current customers of those products.

7. Actual sales and projected sales for LITTLE TIKES branded products from 2004 to present.

8. Total annual sales from 2004 to 2008.

9. Commitments to deliver LITTLE TIKES branded products in 2008.

10. The modification of the Toy Cell Phone by Defendants in September and October of

2007.

11. Testing of the Toy Cell Phone, both the modified and unmodified versions.

12. The recall and cessation of sales and shipments of the unmodified Toy Cell Phone.

13. All communications or meetings that took place from January, 2007 to the present concerning or relating to the Toy Cell Phone.

14. All communications or meetings that took place from 2007 to the present concerning or relating to breaches of the Agreement and Addendum, including but not limited to the meeting between MGA and Kids Station in May of 2007 and the July 10, 2007, January 30, 2008, February 5, 2008, and March 11, 2008 letters from David Oakes to Elliot Newman.

15. Royalty payments made to Little Tikes from 2004 to the present.

16. All 2008 marketing plans for LITTLE TIKES branded products.

17. The 2008 Toy Fair in Hong Kong, including which of Defendants' LITTLE TIKES branded products were displayed and promoted at the Toy Fair and all commitments made by to attendees of the Toy Fair to deliver LITTLE TIKES branded products.

18. The preparation of Defendants' Initial Disclosures and responses to First Set of Requests for Production of Documents.

19. All shipments of LITTLE TIKES branded products received in the United States by Defendants from October, 2004 to the present.

20. All actual and pending orders for manufacture of LITTLE TIKES branded products by any of Defendants.

21. All distributors of LITTLE TIKES branded products sold by Defendants.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| THE LITTLE TIKES COMPANY,<br>an Ohio corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | Case No. 1:08-cv-1935 |
| v. | ) ) ) | |
| KID STATION TOYS, LTD.,<br>a Florida corporation, | ) ) ) | **Jury Trial Demanded** |
| KIDS STATION TOYS, LTD.,<br>a Hong Kong corporation, | ) ) ) | |
| KIDS STATION (U.S.) INCORPORATED,<br>a Florida corporation, | ) ) ) | Hon. Joan B. Gottschall |
| KIDS STATION TOYS<br>INTERNATIONAL, LTD.,<br>a Bermuda corporation, | ) ) ) ) | |
| KIDS STATION TOYS INTERNATIONAL<br>HOLDING, GmbH<br>a Switzerland corporation, and | ) ) ) ) | |
| MR. ELLIOT S. NEWMAN<br>an individual, | ) ) ) ) | |
| Defendants. | ) | |

**NOTICE OF DEPOSITION OF ELLIOT NEWMAN**

To: Paul T. Fox, Esq.
Charles B. Leuin, Esq.
Paul J. Ferak, Esq.
Greenberg Traurig LLP
77 W. Wacker Drive, Suite 2500
Chicago, Il 6060

PLEASE TAKE NOTICE THAT Plaintiff, The Little Tikes Company, by and through its attorneys, and pursuant to Rule 30 of the Federal Rules of Civil Procedure, will take the oral deposition of Elliot Newman at the offices Holland & Knight LLP, 701 Brickell Avenue, Suite 3000, Miami, Florida 33131, on April ___, at 9:30 a.m. before a duly-qualified notary public or other person authorized by law to record depositions and

continuing thereafter until completed. Pursuant to Rule 30(b)(2), testimony of the witness may be recorded by both stenographic means and sound and visual means.

Dated: April ___, 2008.                    Respectfully requested,


                                           By: _____
                                           One of the Attorneys for Plaintiff, The Little
                                           Tikes Company

Robert E. Browne (ARDC# 032 1761)
Michael G. Kelber (ARDC# 623 1033)
Lara V. Hirshfeld (ARDC# 627 7477)
Maurice E. Finnegan, III (ARDC# 628 1387)
**NEAL, GERBER & EISENBERG LLP**
Two North LaSalle Street, Suite 2200
Chicago, IL 60602-3801
Telephone: (312) 269-8000
Facsimile: (312) 269-1747


*Of Counsel*
Jeanine Pisoni
General Counsel
MGA Entertainment, Inc.
16300 Roscoe Blvd
Suite 150
Van Nuys, California 91406

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THE LITTLE TIKES COMPANY,<br>an Ohio corporation,<br><br>                  Plaintiff,<br><br>     v.<br><br>KID STATION TOYS, LTD.,<br>a Florida corporation,<br><br>KIDS STATION TOYS, LTD.,<br>a Hong Kong corporation,<br><br>KIDS STATION (U.S.) INCORPORATED,<br>a Florida corporation,<br><br>KIDS STATION TOYS<br>     INTERNATIONAL, LTD.,<br>a Bermuda corporation,<br><br>KIDS STATION TOYS INTERNATIONAL<br>     HOLDING, GmbH<br>a Switzerland corporation, and<br><br>MR. ELLIOT S. NEWMAN<br>an individual,<br><br>               Defendants. | Case No. 1:08-cv-1935<br><br>**Jury Trial Demanded**<br><br>Hon. Joan B. Gottschall |

## NOTICE OF DEPOSITION OF EDWIN CABRERA

     To: Paul T. Fox, Esq.
         Charles B. Leuin, Esq.
         Paul J. Ferak, Esq.
         Greenberg Traurig LLP
         77 W. Wacker Drive, Suite 2500
         Chicago, Il 6060

     PLEASE TAKE NOTICE THAT Plaintiff, The Little Tikes Company, by and through its attorneys, and pursuant to Rule 30 of the Federal Rules of Civil Procedure, will take the oral deposition of Edwin Cabrera at the offices Holland & Knight LLP, 701 Brickell Avenue, Suite 3000, Miami, Florida 33131, on April ____, at 9:30 a.m. before a duly-qualified notary public or other person authorized by law to record depositions and

continuing thereafter until completed.  Pursuant to Rule 30(b)(2), testimony of the witness may be recorded by both stenographic means and sound and visual means.

Dated:  April __, 2008.          Respectfully requested,


By:  _____
One of the Attorneys for Plaintiff, The Little Tikes Company

Robert E. Browne (ARDC# 032 1761)
Michael G. Kelber (ARDC# 623 1033)
Lara V. Hirshfeld (ARDC# 627 7477)
Maurice E. Finnegan, III (ARDC# 628 1387)
**NEAL, GERBER & EISENBERG LLP**
Two North LaSalle Street, Suite 2200
Chicago, IL  60602-3801
Telephone:  (312) 269-8000
Facsimile:  (312) 269-1747


*Of Counsel*
Jeanine Pisoni
General Counsel
MGA Entertainment, Inc.
16300 Roscoe Blvd
Suite 150
Van Nuys, California  91406