**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| THE LITTLE TIKES COMPANY,<br>an Ohio corporation, | ) )<br>) | |
| | ) | Case No. 1:08-cv-1935 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KID STATION TOYS, LTD.,<br>a Florida corporation, | ) )<br>) | |
| KIDS STATION TOYS, LTD.,<br>a Hong Kong corporation, | ) )<br>) | |
| | ) | Hon. Joan B. Gottschall |
| KIDS STATION (U.S.) INCORPORATED,<br>a Florida corporation, | ) )<br>) | |
| KIDS STATION TOYS<br>    INTERNATIONAL, LTD.,<br>a Bermuda corporation, | ) )<br>)<br>) | |
| KIDS STATION TOYS INTERNATIONAL<br>    HOLDING, GmbH<br>a Switzerland corporation, and | ) )<br>)<br>) | |
| MR. ELLIOT S. NEWMAN<br>an individual, | ) )<br>) | |
| Defendants. | ) )<br>) | |

## PLAINTIFF'S MOTION TO COMPEL ENTRY OF PROTECTIVE ORDER

NOW COMES the Plaintiff/Counter-Defendant, The Little Tikes Company, ("Little Tikes") and moves this Court to enter the Protective Order attached hereto as Exhibit "A", which is in the form proposed by Little Tikes. In support of this Motion, Little Tikes states as follows:

1.      On May 6, 2008, the Court entered an Order scheduling a Perminant Injunction Hearing to take place on September 29, 2008 and imposing a cut-off date of July 30, 2008 for all discovery relevant to that hearing.

2.      Subsequently, Little Tikes proposed to Defendants, Kid Station Toys, Ltd., Kids Station Toys, Ltd., Kids Station (U.S.) Incorporated, Kids Station Toys International, Ltd., Kids Station Toys International Holding, GmbH and Mr. Elliot S. Newman ("Defendants"), a Protective Order to govern the parties' exchange of confidential and highly confidential information in discovery.

3.      Little Tikes and Defendants have been negotiating the language of a proposed Protective Order since Little Tikes proposed the Protective Order.  The parties are in agreement with respect to all of the Protective Order's provisions, with the exception of one provision -- namely, the request by Little Tikes that its General Counsel, Jeanine Pisoni, be allowed to inspect and obtain copies of documents designated by any party or third party as "Highly Confidential – Attorneys' Eyes Only".   See Exhibit A, ¶ 8(b).

4.      It is essential to keep this provision in the Protective Order because Little Tikes' outside counsel requires Mrs. Pisoni's insight with respect to legal strategy and decisions in this case, and in order for her to provide such insight she needs access to Defendants' "Highly Confidential – Attorneys' Eyes Only" information.  Moreover, Mrs. Pisoni is responsible for the management and supervision of this case, and thus denying her access would result in significant inefficiency in this case for Little Tikes.

5.      Courts have consistently allowed access by in-house counsel to "Attorney's Eyes Only" materials based on the classification of counsel as in-house rather than retained outside counsel because in-house counsel, like retained counsel, are officers of the Court and bound by

the same code of professional responsibility and subject to the same sanctions.  *See, e.g.*, *U.S. Steel Corp., et al. v. United States*, 730 Fed. 2d 1465, 1468 (Fed. Cir. 1984); *Autotech Technologies Limited Partnership v. Automationdirect.com, Inc. et al*, 2006 U.S. Dist. LEXIS 59580 (N.D. Ill. August 21, 2006); *Caterpillar Inc. v. Detroit Diesel Corp.*, 1996 U.S. Dist. LEXIS 20575 *4-5 (N.D. Ill. January 5, 1996).  In deciding whether to give in-house counsel access to confidential information under a protective order, courts consider whether there is an unacceptable risk or opportunity for "inadvertent disclosure" and whether the particular in-house counsel is engaged in "competitive decision-marking."  *Autotech*, 2006 U.S. Dist. LEXIS 59580 at *8 (citations omitted).

6.      In this case, Mrs. Pisoni is not engaged in competitive decision making, such as pricing and product design.  Moreover, Mrs. Pisoni – an attorney and officer of the Court -- will not use Defendants' "Highly Confidential – Attorneys' Eyes Only" information for any reason other than assisting in this case, and will take the proper steps to ensure that such information is not disclosed to anyone else at Little Tikes.  As such, there is not an unacceptable risk of inadvertent disclosure by Mrs. Pisoni.  Accordingly, Little Tikes believes that its request to have its General Counsel have access to highly confidential information is appropriate, and, as a result, the provision granting her access to "Highly Confidential – Attorneys' Eyes Only" information should be included in the Protective Order.

7.      Therefore, because Defendants refuse to agree to entry of the attached Protective Order, in order to move this case forward and allow discovery to be completed before the upcoming July 30, 2008 discovery deadline, Little Tikes requests that the Court enter its Protective Order as attached.

Respectfully,

THE LITTLE TIKES COMPANY.

Dated: July 14, 2008          By:     /s/ Robert E. Browne
                                   One of Its Attorneys

                                   Robert E. Browne (ARDC# 032 1761)
                                   Michael G. Kelber (ARDC# 623 1033)
                                   Lara V. Hirshfeld (ARDC# 627 7477)
                                   Maurice E. Finnegan, III (ARDC# 628 1387)
                                   **Neal, Gerber & Eisenberg, LLP**
                                   2 North LaSalle Street, Suite 2200
                                   Chicago, IL 60602
                                   Telephone:  (312) 269-8000
                                   Facsimile:  (312) 269-1747

*Of Counsel*
Jeanine Pisoni
General Counsel
MGA Entertainment, Inc.
16300 Roscoe Blvd
Suite 150
Van Nuys, California  91406

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, certifies that a copy of the foregoing MOTION TO COMPEL ENTRY OF PROTECTIVE ORDER has been served upon the individuals listed below via the CM/ECF electronic filing service system on this 14th day of July 2008:

Paul T. Fox, Esq.
Charles B. Leuin, Esq.
Paul J. Ferak, Esq.
Jason B. Elster, Esq.
GREENBERG TRAURIG LLP
77 W. Wacker Drive, Suite 2500
Chicago, Il 60601


/s/ Lara V. Hirshfeld
Lara V. Hirshfeld


NGEDOCS: 1547736.2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| THE LITTLE TIKES COMPANY, an Ohio corporation, | ) ) ) | |
| | ) | Case No. 1:08-cv-1935 |
| Plaintiff, | ) ) | |
| v. | ) ) | Hon. Joan B. Gottschall |
| KID STATION TOYS, LTD., a Florida corporation, | ) ) ) | |
| KIDS STATION TOYS, LTD., a Hong Kong corporation, | ) ) ) | |
| KIDS STATION (U.S.) INCORPORATED, a Florida corporation, | ) ) ) | |
| KIDS STATION TOYS INTERNATIONAL, LTD., a Bermuda corporation, | ) ) ) ) | |
| KIDS STATION TOYS INTERNATIONAL HOLDING, GmbH a Switzerland corporation, and | ) ) ) ) | |
| MR. ELLIOT S. NEWMAN an individual, | ) ) ) | |
| Defendants. | ) ) | |

**[PROPOSED] PROTECTIVE ORDER**

WHEREAS, certain documents, information, tangible objects, and things may be produced in discovery conducted in this proceeding or submitted to this Court by way of pleadings, motions, declarations, or other materials, and may contain trade secrets, confidential research, development, technology, or commercial information, or other proprietary and highly confidential information of Plaintiff The Little Tikes Company ("Little Tikes"), Defendants Kid Station Toys, Ltd., a Florida corporation, Kids Station Toys, Ltd., a Hong Kong corporation,

Kids Station (U.S.) Incorporated, a Florida corporation, Kids Station Toys International, Ltd., a Bermuda corporation, Kids Station Toys International Holding, GmbH and Mr. Elliot S. Newman ("Defendants"), or third parties.

NOW, THEREFORE, IT IS PROPOSED, by Little Tikes, through its counsel of record, that this Protective Order ("Order") concerning the confidentiality of such documents, information, tangible objects, and things shall govern the use of such discovery materials in this case as follows:

1.      This Order shall govern the use, handling, and disclosure of all documents, information, tangible objects, and things (collectively "Discovery Material"), including, but not limited to, deposition transcripts and exhibits, interrogatory answers, responses to requests for admissions, responses to subpoenas, and other written, recorded or graphic information, and all copies, excerpts, abstracts, or summaries thereof produced by any party or non-party in this action (hereinafter "Producing Person"). This Order does not govern the use of Discovery Material at trial; such use shall be governed by a separate protective order or other procedure agreed by the parties and/or ordered by the Court, if any.

2.      Any Producing Person shall have the right to designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" any Discovery Material that an attorney, on behalf of the Producing Person, believes constitutes, reflects, or discloses that Producing Person's trade secrets, confidential research, development, technology, or commercial information, or other proprietary or confidential information within the scope of Rule 26(c)(7) of the Federal Rules of Civil Procedure.

3.      Use of the "CONFIDENTIAL" designation shall be limited to Discovery Material that the Producing Person believes in good faith must be held confidential to protect its business

or commercial interests.    Examples of "CONFIDENTIAL" Discovery Material include information or material that a Producing Person reasonably in good faith believes contains or discloses information that the Producing Person, in the ordinary course of business, does not or would not publicly disclose, or information that a Producing Person is under a pre-existing obligation with a third party to maintain as confidential.

4.    Use of the "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" designation shall be limited to Discovery Material that the Producing Person believes in good faith is so commercially sensitive or confidential that disclosure to employees of another party or a third party, even under the restricted terms and conditions applicable to Discovery Materials designated as "CONFIDENTIAL," would not adequately protect the interests of the Producing Person.    Examples of "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" Discovery Material include a Producing Person's trade secrets, confidential or proprietary technology, commercial, financial, or product data, or information concerning business strategies that a Producing Person would not, in the ordinary course of business, disclose to third persons, or information and material that a Producing Person is under a pre-existing obligation with a third party to treat as such.

5.    All    Discovery    Material    designated    as    "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," or "CONFIDENTIAL," and all information derived therefrom, is referred to in this Order as "Designated Material" and shall he handled in strict accordance with the terms of this Order.    Absent an order of this Court, such Designated Material shall be used by the parties to this action solely in connection with this action or any appeal therefrom, and not for any other purpose, except as required by law, and such Designated

3

Material may be disclosed only under the circumstances and to the persons specifically provided for in Paragraphs 7-8 of this Order.

6.      This Order shall not prevent any Producing Person from disclosing its own Designated Material, or information contained therein, or consenting to disclosure by others of a Producing Person's own Designated Material, or information contained therein, as it deems appropriate.  A Producing Person's disclosure to a third party of the Producing Person's own Designated Material, or information contained therein, shall not affect in any way the obligations of persons receiving Designated Material pursuant to this Order, provided that the third parties are required to maintain the confidentiality of the Designated Material, or information contained therein, in a manner consistent with the terms of this order.

7.      Information or material designated by a Producing Person as "CONFIDENTIAL," or copies or extracts therefrom, and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

A.      each party's respective outside counsel of record in this action and regular and temporary employees of such counsel to whom it is necessary that the Designated Material be shown for the purposes of this litigation;

B.      employees of each party, including, but not limited to, in-house counsel, whose assistance is needed by a party's outside counsel for this litigation, or whose input is required to direct and/or evaluate the litigation;

C.      experts and consultants as defined in Paragraph 9 herein and pursuant to the provisions of Paragraph 10 herein;

D.      the Court, pursuant to Paragraph 18 herein;

E.      certified court reporters or persons operating video equipment at any deposition conducted in connection with this action;

F.      third party contractors, including their employees and agents, involved in one or more aspects of organizing, filing, copying, coding, converting, sorting, translating, or retrieving data, or designing programs for handling data connected with this action, including the performance of such duties in relation to a computerized litigation support system;

G.      graphics or design services retained by counsel for a party to prepare demonstrative or other exhibits for deposition, trial, or other court proceeding in this action;

H.      non-technical jury or trial consulting services retained by counsel for a party; and

I.      any other person, but only upon order of the Court, or upon the explicit written consent of the Producing Person with respect to specifically-identified CONFIDENTIAL Designated Material.

8.      Information or material designated by a Producing Person as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY'," or copies or extracts therefrom, and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

A.      the parties' respective outside counsel of record in this action, and regular and temporary employees of such counsel to whom it is necessary that the information or material be shown for the purpose of this litigation;

B.      Little Tikes General Counsel, Jeanine Pisoni, whose assistance is needed by Little Tikes' outside counsel for this litigation, and whose input is required to direct and/or evaluate the litigation;

C.      experts and consultants as defined in Paragraph 9 herein and pursuant to the provisions of Paragraph 10 herein;

D.      the Court, pursuant to Paragraph 18 herein;

E.      certified court reporters or persons operating video equipment at any deposition conducted in connection with this action;

F.      third party contractors, including their employees and agents, involved in one or more aspects of organizing, filing, copying, coding, converting, sorting, translating, or retrieving data, or designing programs for handling data connected with this action, including the performance of such duties in relation to a computerized litigation support system;

G.      graphics or design services retained by counsel for a party to prepare demonstrative or other exhibits for deposition, trial, or other court proceeding in this action;

H.      non-technical jury or trial consulting services retained by counsel for a party; and

I.      any other person, but only upon order of the Court, or upon the explicit written consent of the Producing Person with respect to specifically-identified HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY Designated Material.

9.      For purposes of this Order, an expert or consultant shall be defined as a person: (i) who is neither an employee, director, officer, consultant, or business associate of a party nor

anticipated to become an employee, director, officer, consultant, or business associate of a party in the near future; (ii) who is not regularly employed or retained by a competitor of a party; (iii) who does not currently have any consulting arrangement with a competitor of a party; (iv) who does not have any direct economic relationship with a party, except as set forth in subpart (v) of this paragraph: and (v) who is retained or employed as a bona fide consultant or expert for purposes of providing advice or testimony in connection with this litigation, whether full- or part-time, by or at the direction of counsel of record for a party.

10.    The procedure for an expert or consultant to be approved for access to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" Designated Material shall be as follows:

A.    the party seeking to have a consultant or expert (as defined in Paragraph 9) approved shall provide the other parties with the consultant's or expert's current resume or curriculum vitae, which shall include a list of past and present employers and persons or entities with whom the consultant has been engaged in any consulting relationship in the last five (5) years, and a copy of a completed, signed Undertaking in the form attached hereto as Exhibit A.

B.    within five (5) business days after a party seeking approval of an expert or a consultant serves the information described in Paragraph 11.A., including a copy of a signed Undertaking, on the other parties by facsimile, any other party may object to approval of the proposed expert or consultant if facts available to that party give it reason to believe that there is a reasonable likelihood that the proposed expert or consultant does not meet the criteria of Paragraph 9 above, or the proposed expert or consultant may use "CONIFIDENTIAL" or "HIGHLY CONFIDENTIAL—

7

ATTORNEYS' EYES ONLY" Designated Material for purposes other than the preparation for trial of this case.  In this situation, the burden of proof shall be on the party objecting to the proposed expert or consultant.  Failure to object within the five (5) business days of receiving notice of a proposed expert or consultant shall be deemed an approval of that person, but shall not preclude a party from objecting to such person's continued access to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY".  Designated Material where facts suggesting a basis for objection are subsequently learned by the party or its counsel.

              C.     if an objection is made pursuant to Paragraph 10.B., the parties shall, within five (5) calendar days from the date of service by facsimile of notice of objection, confer and attempt to resolve the dispute.  At that conference the objecting party shall inform the party requesting approval of its reasons for objecting to the proposed expert or consultant.  If the parties cannot resolve the dispute, or if a conference does not take place, then, within five (5) calendar days of the date of the conference, or within ten (10) calendar days of the date of service by facsimile of the notice of objection, the objecting party may move the Court for an order denying access to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" Designated Material by the proposed expert or consultant.  These time periods do not prevent a party from seeking a court order earlier if the circumstances require.  However, failure to file a motion within these time periods shall waive the specific objection, but shall not preclude a party from objecting to a proposed expert's or consultant's continued access to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES

8

ONLY" Designated Material where facts suggesting a basis for objection are subsequently learned by the party or its counsel.

        D.     no expert or consultant to which an objection is made pursuant to Paragraph 10.B shall be given access to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" Designated Material until the parties or the Court have resolved the dispute and approved such access, or the objecting party waives its objection by failing to file a motion for an order denying access within the time period specified in Paragraph 10.C.

11.    Designated Material shall be marked or stamped "CONFIDENTIAL" or "IIIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" at the following times:

        A.     for documents and things subject to production for inspection, at the time that such materials, or copies thereof, are delivered to the receiving party;

        B.     for written responses to interrogatories or requests for admissions, at the time of service of such written responses;

        C.     for written affidavits, declarations, briefs, and pleadings, at the time such documents are filed;

        D.     for deposition testimony, as provided in Paragraph 14 below; and

        E.     for oral disclosures other than testimony, through confirmation in writing within five (5) business days of the first disclosure thereof.

12.    All or some of the testimony at any deposition may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" at the beginning of, or during the deposition, and for at least five (5) business days after the final transcript has been sent by the court reporter to the counsel for the Producing Person whose

information has been disclosed (or until such other date as may be agreed upon by the parties). Receipt of rough transcripts shall not trigger this 5-day period.  Deposition testimony may he designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" at the deposition by identifying the type of designation on the record, or before expiration of the 5-day (or other agreed) period by written notice to all counsel indicating the specific testimony to be designated (by page and line or other specific reference) and the type of designation.  All copies of a transcript containing deposition testimony so designated shall be marked accordingly.   Subject to Paragraph 19, unless so designated, any confidentiality is waived after the expiration of the 5-day (or other agreed) period, unless otherwise stipulated or ordered.  Unless otherwise designated at the deposition, all testimony at the deposition shall be treated as "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" until 5 days after the final transcript has been sent by the court reporter to the counsel for the Producing Person whose information has been disclosed (or until such other date as may be agreed upon by the parties) so as to enable the Producing Person to designate testimony as "CONFIDENTIAL" or  "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" prior to public dissemination or use of the deposition.

13.    With respect to any testimony elicited during any deposition, whenever counsel for any party deems that any question or line of questioning calls for, or results in, disclosure of information or material that should be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" and any representative of a party (or any other person) is in attendance at the deposition who is not a person to whom disclosure of such information is permitted pursuant to this Order, and such representative is not the witness being examined, such representative shall be excluded from those portions of the deposition during

10

which disclosure of such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" information or material occurs.

14.     Information, documents, and things produced for inspection shall be inspected only by persons entitled to receive "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" Designated Material pursuant to Paragraph 8.  Between the time of inspection and the time of delivery to the receiving party, all such information, documents, and things shall be treated as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" and shall not be disclosed or used except in accordance with the provisions of this Order.

15.     All persons, except for those listed in Paragraph 8, A, D and E above, who, under this Order, may be given access to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" Designated Material must first confirm their understanding and agreement to abide by the terms of this Order by completing and signing a copy of an Undertaking in the form attached hereto as Exhibit A.  Persons listed in Paragraphs 8, A, D and E shall be subject to the terms of this Order, but need not sign Exhibit A, hereto.

16.     Any person may prepare for a deposition, hearing, or trial, or be examined as a witness at a deposition, hearing, or trial, with "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" Designated Material that such person had lawfully received or authored prior to and apart from this action or that refers to such person.

17.     All "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" Designated Material shall be marked as protected by Protective Order, and accessed only by those persons authorized access to such Designated Material pursuant to the terms of this Order.

18.    When filed as part of any pleading or as evidence, "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" Designated Material, shall be delivered sealed to the Clerk of the Court and shall not be available to public inspection. Envelopes used to seal such documents shall carry the notation:   "CONFIDENTIAL INFORMATION    SUBJECT    TO    PROTECTIVE    ORDER,"    or    "HIGHLY CONFIDENTIAL-ATTORNEYS'    EYES    ONLY    INFORMATION    SUBJECT    TO PROTECTIVE ORDER."

19.    A Producing person who inadvertently fails to mark Designated Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" at the applicable times set forth in this order shall have thirty (30) calendar days from the discovery of such oversight to correct the omission.   Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each Designated Material appropriately marked as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."   Within ten (10) business days of receipt of the substitute copies, the receiving party shall return the previously unmarked materials and all copies thereof.   The receiving party or parties shall treat such    Designated    Material    as    "CONFIDENTIAL"    or    "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" from the time that such notice is received. Disclosure of such Designated Material to persons not authorized to receive it prior to receipt of such notice shall not be deemed a violation of this Order, and the receiving party and the other persons who receive such Designated Material pursuant to the provisions of this Order shall incur no liability for uses and disclosures made prior to receipt of such notice.   However, those persons to whom inadvertent disclosure was made shall be advised reasonably, in writing, that

the disclosed material is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS'
EYES ONLY" and must be treated in accordance with this Order.

20.     If a Producing Person inadvertently produces or provides any information,
document, testimony, or thing which it believes is subject to a claim of attorney-client privilege
or attorney work product immunity, the Producing Person may give written notice to the
receiving party or parties that the information, document, testimony, or thing is subject to a claim
of attorney-client privilege or attorney work product immunity and request that the information,
document, testimony, or thing, and all copies thereof, be returned to the Producing Person.  Such
notice shall be served upon the receiving party or parties within thirty (30) business days of the
Producing Person discovering the inadvertent production.  The receiving party or parties shall
then promptly return to the Producing Person all such information, documents, testimony, and
things, and all copies thereof.  If the Producing Person has provided notice of inadvertent
production as required herein, the parties hereby disclaim and waive inadvertent production or
disclosure of any information, document, testimony, or thing as grounds for argument or
assertion that such inadvertent production or provision comprises or gives rise to a waiver of an
otherwise proper assertion of attorney-client privilege and/or attorney work product immunity.
However, neither the return of the inadvertently produced information, document, testimony, or
thing by the receiving party, nor anything in this Order, shall constitute an admission or
concession, or permit any inference, that the returned information, document, testimony, or thing
is, in fact, properly subject to a claim of attorney-client privilege or attorney work product
immunity, nor shall it foreclose any party from moving the Court for an order that such
information, document, testimony, or thing has been improperly designated or should be
producible for reasons other than a waiver caused by the inadvertent production or provision.

21. If Designated Material is disclosed to any person other than in the manner authorized herein, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the Producing Person, without prejudice to other rights and remedies of the Producing Person, and shall make every effort to prevent further disclosure by it or by the person who was the recipient of such Designated Material.

22. If at any time during the pendency of this action, counsel for any party asserts that Designated Material is not appropriately designated, objecting counsel may serve a notice of objection on all parties and affected entities, identifying with particularity the Designated Material to which the designation is challenged, stating the basis for each challenge, and proposing a new designation if any for such materials. If the Producing Person does not re-designate the materials within five (5) business days after service of the notice, the objecting party may file and serve a motion seeking an order that such materials be re-designated, in which case the Producing Person shall have the burden of proving that the original designation was appropriate. The original designation shall remain effective until entry of an order re-designating the materials. Any party's failure to challenge any designation by any other Producing Person shall not waive that party's right to challenge the designation at a later time nor shall it constitute an admission of the correctness of the designation.

23. Entering into, agreeing to, and/or producing or receiving information or material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" or otherwise complying with the terms of this Order shall not:

        A. prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery;

B.     operate as an admission by any party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information deemed by any party to be "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY;"

C.     operate as an admission by any party that any particular information or material so designated contains or reflects trade secrets, confidential research, development, technology, or commercial information, or other proprietary or confidential information;

D.     prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Order;

E.     prejudice in any way the rights of a party to make a showing that information or material of proprietary or competitive value that is not specifically included in the examples of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY" information or material in Paragraphs 3-5 above, may be properly designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY;"

F.     prevent parties to this Order from agreeing in writing, or on the record during a deposition or hearing in this action, to alter or waive the provisions or protections provided herein with respect to any particular information or material.

24.    If any person receives a subpoena or other lawful process (referred to in this paragraph as a subpoena) requesting or directing that person to produce to a third-party (including, without limitation, a governmental agency) any Designated Material, the person

15

receiving the subpoena shall immediately notify the Producing Person of the subpoena and provide a specification of the documents requested in the subpoena to enable the Producing Person to attempt to intervene or otherwise object to production of the Designated Material.

25.     Notwithstanding any other provision of this Order, the confidentiality obligations of this Order shall not apply, or shall cease to apply, to any information that:

> A.     at the time of disclosure hereunder, was already in the public domain by publication or otherwise;

> B.     since the time of disclosure hereunder, has become, through no act or failure to act by the receiving party, part of the public domain by publication or otherwise; or

> C.     after disclosure hereunder, was acquired by the receiving party from a third party lawfully possessing the same and having no obligation to the Producing Person hereunder.

26.     Upon the termination of this proceeding, this Order shall continue to be binding upon the parties hereto, and upon all persons to whom Designated Material has been disclosed or communicated, and this Court shall retain jurisdiction to enforce this Order.

27.     Subject to final order of the Court upon completion of any matters relating to this case, within sixty (60) days after entry of any final and unappealable judgment in this litigation, any and all material designated under this Order by any party or by any third party, and all copies thereof, shall be returned to the Producing Person or, at the option of the Producing Person, destroyed; provided, however, that counsel of record for each party shall be permitted to retain and archive Designated Material that is contained or referenced in pleadings, declarations, affidavits, briefs, legal or factual memoranda, correspondence, or deposition transcripts

16

(including exhibits thereto).  If Designated Material is destroyed pursuant to this paragraph, the person destroying such Designated Material shall certify in writing to the Producing Person that such destruction has taken place.

28.    This order is being entered without prejudice to the right of any party to move the Court for modification of, or relief from, any of its terms.

29.    A third party who produces any document or testimony pursuant to a request from a party in this matter may designate such matters as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" pursuant to this Order.

30.    The parties, by their respective counsel, hereby agree to the terms and consent to the entry of this Order.

Dated: July 14, 2008

       By: s/   Robert E. Browne
       Robert E. Browne
       Michael G. Kelber
       Lara V. Hirshfeld
       Maurice E. Finnegan
       NEAL, GERBER & EISENBERG LLP
       Two North LaSalle Street
       Chicago, Illinois 60602-3801

       Attorneys for Plaintiff The Little Tikes
       Company

IT IS SO ORDERED,

Dated: _____, 2008      _____
                                   Hon.  Joan B. Gottschall
                                   UNITED STATES DISTRICT JUDGE

17

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| THE LITTLE TIKES COMPANY,<br>an Ohio corporation,<br>      Plaintiff,<br><br>  v.<br><br>KID STATION TOYS, LTD.,<br>a Florida corporation,<br><br>KIDS STATION TOYS, LTD.,<br>a Hong Kong corporation,<br><br>KIDS STATION (U.S.) INCORPORATED,<br>a Florida corporation,<br><br>KIDS STATION TOYS<br>   INTERNATIONAL, LTD.,<br>a Bermuda corporation,<br><br>KIDS STATION TOYS INTERNATIONAL<br>   HOLDING, GmbH<br>a Switzerland corporation, and<br><br>MR. ELLIOT S. NEWMAN<br>an individual,<br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 1:08-cv-1935<br><br>  Hon. Joan B. Gottschall |

**UNDERTAKING**

  I, _____, reside at _____.

  I have read the Protective Order entered in the above captioned action provided by

counsel for _____, and a copy of it has been given to me.  I

understand the provisions of this Protective Order, and I agree to comply with and be bound by

its provisions.

I further agree to submit to the jurisdiction of this Court for adjudication of any dispute regarding my compliance with the terms of this Protective Order,

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this _____ day of _____, 2008, at _____

By:_____